41 N.J. Super. 608 (1956)
125 A.2d 746
ANNA LAVINO, PLAINTIFF,
v.
LIBERO LAVINO (ALSO KNOWN AS LEO LAVINO), JOSEPH CATTANEO AND MARGARET L. CATTANEO, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 5, 1956.
Mr. Louis Gluck, attorney for plaintiff.
Mr. Samuel L. Biber, attorney for defendants Cattaneo.
*609 GRIMSHAW, J.S.C.
In this action the plaintiff seeks to have established what she alleges to be an inchoate right of dower in lands of the defendant. Plaintiff married the defendant Libero Lavino on the 31st of July, 1933. Thereafter, on March 22, 1949 she obtained from him a divorce from bed and board.
On October 29, 1954 the defendant Lavino became seized of the property in question under the will of his father Eligio Lavino. Thereafter, on April 12, 1956, Lavino and a person designated as Elizabeth Lavino, his wife, conveyed a one-half interest in the lands to the defendants Joseph Cattaneo and Margaret L. Cattaneo, his wife. Plaintiff seeks to have the conveyance set aside and her inchoate right of dower established in the property.
In 1949 the Legislature passed chapter 272 of the laws of that year, N.J.S. 2A:34-6, which reads as follows:
"For and during the time that any judgment for divorce from bed and board shall remain in force and effect all property rights of the parties shall be as though a judgment of absolute divorce had been entered.
In any property transaction had by either of the parties in such status the fact of the existence of such judgment shall be distinctly recited and reference to the public record thereof shall be clearly set forth."
The defendants moved to strike on the sole ground that the complaint fails to state a cause of action in view of the provisions of N.J.S. 2A:34-6. I think the contention is sound. Plaintiff's interest in the property could not have arisen prior to October 29, 1954, when the defendant Lavino became seized of the lands. At that time the statute adverted to was in effect. To the extent indicated by its provisions, the statute abolished the inchoate right of dower.
The complaint will be dismissed.